## EARL PHILLIPS v. THE STATE.

No. 12956. Delivered January 22, 1930.
Rehearing denied February 19, 1930.
Reported in 24 S. W. (2d) 425.

84

The opinion states the case.

*Gates & Cox* of Huntsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

There are two bills of exception in the record. The first was to the refusal of a continuance. This bill is qualified by the court and in view of said qualification and the contents of the bill, we are of opinion that no diligence appears as to the absent witnesses. The other bill was to comments made upon the occupation of the appellant. We do not think such comment to be outside the record, nor of such injurious character as to demand a reversal.

The facts sufficiently show a sale of intoxicating liquor by appellant to the prosecuting witness. The defense interposed was that of an alibi. Appellant's sister swore that he was in Houston, Harris county, at the time of the alleged sale in Walker county. The testimony of the State as to the fact of a sale was positive. The jury may have concluded that the date fixed by the prosecution was incorrect, or they may have concluded that the proximity of Walker and Harris counties was such as that the appellant could have been in Harris county on the day of the 2nd, and could have been in Walker county, between which and Harris county there lies but one

county of the State, on the night of the 2nd at which time it is shown by the State's testimony the alleged sale was made. We believe the record shows no trial error, and that the testimony supports the verdict and judgment.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant files a motion for re-hearing in which it is suggested that the qualification of the trial judge to the bill of exception complaining of the denial of continuance was not justified by the record. In connection with the motion for re-hearing application for certiorari is also presented for the purpose of bringing before this court the application for process for the absent witnesses and also the statement of facts developed on hearing of the motion for new trial. Copy of the application for process and the statement of facts mentioned are attached to the application for certiorari and they will be considered by us in passing upon this motion. The affidavit of the clerk so far as it undertakes to deal with the question as to whether process for the absent witnesses had been returned into court is a matter which can not be considered, it being an effort here to amend or change the record made in the trial court. If appellant had desired to make an issue of that matter it should have been done upon hearing of the motion for new trial.

Appellant's criticism of the qualification of the trial judge to the bill of exception mentioned might have found some support in the record if he himself had not brought before us the facts which were developed upon the hearing of the motion for new trial. It is disclosed from this statement of facts that the judge made a statement upon the hearing of the motion which is incorporated as a part of the statement of facts; from this statement the conclusion must be drawn that the process for those witnesses was before the judge at the time he was making the statement, for in it he says that as to one absent witness the sheriff's return showed that he was in Louisiana and that the other two could not be found at the addresses given in the application for process. If appellant objected to this statement on the part of the judge he should have made it known at the time and called for the return on the process itself as being the best evidence. As the record appears here the judge's statement made upon the hearing of the motion fully justified his qualification upon the

bill of exception; to this qualification there appears to have been no objection urged by appellant.

We can not say from the record that the judge was in error in denying the continuance for lack of diligence. Therefore the motion for rehearing must be overruled.

*Overruled.*